UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CARSON, | ) 1:07-cv-1551-LJO-SMS |
| Plaintiff, | ) ORDER DISCHARGING ORDER TO SHOW ) CAUSE (DOC. 5) |
| v. | ) ORDER GRANTING PLAINTIFF'S ) APPLICATION TO PROCEED IN FORMA |
| CHARLES K. STODDARD, ESQ., et al., | ) PAUPERIS (DOC. 8) ) ORDER DIRECTING PAYMENT |
| Defendants. | ) OF INMATE FILING FEE BY ) CALIFORNIA DEPARTMENT OF ) CORRECTIONS |
| | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| | ORDER DIRECTING THE CLERK TO SEND TO PLAINTIFF A BLANK CIVIL RIGHTS COMPLAINT FORM |
| | ORDER DIRECTING THE CLERK TO UPDATE PLAINTIFF'S ADDRESS ON THE DOCKET |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28

1

U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

## I. Discharge of the Order to Show Cause

On January 4, 2008, the Court issued an order to Plaintiff to show cause why the matter should not be dismissed for Plaintiff's failure to comply with the Court's order to submit an application to proceed in forma pauperis. Plaintiff responded on January 15, 2008, and submitted an application to proceed in forma pauperis. Accordingly, the order to show cause will be discharged.

## II. Plaintiff's Application to Proceed in Forma Pauperis

Plaintiff filed an application to proceed in forma pauperis on February 4, 2008. Plaintiff has made the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account.

## III. Directions to the Department of Corrections

The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Here, in the complaint, filed on October 24, 2007, Plaintiff sues Charles K. Stoddard and Paladin Legal Defenders, whom Plaintiff alleges he hired in May 2006 by transmitting a check in the amount of $1,832.56 for Mr. Stoddard's services; Defendant Stoddard's secretary, Defendant Nicole C. Mitchell, apparently negotiated the check.  Then the attorney took himself off of

4

Plaintiff's case without refunding any of the money. Plaintiff alleges that he is suing for the money and damages, including punitive damages, and he alleges that Defendant or Defendants engaged in negligent misconduct by a state official under color of state law. (Cmplt pp. 1-3.)

V. Civil Rights Claim

Plaintiff refers to action taken under color of state law. It is thus likely that Plaintiff is attempting to state a claim under the Civil Rights Act, which provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Here, Plaintiff appears to allege that the Defendants are attorneys, a law firm, and/or staff members thereof. It further appears that Plaintiff paid for the Defendant's services. Thus, it appears that the Defendants were acting privately. No facts are alleged that warrant a conclusion that Defendants were acting under color of state law. Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). However, "[a]ction taken by private

individuals may be 'under color of state law' where there is 'significant' state involvement in the action." Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983).

The Court notes that even if Defendant had been acting as Plaintiff's public defender, it is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

Accordingly, the complaint does not comply with Fed. R. Civ. P. 8 in that it does not state a civil rights claim. It does not allege that any defendant acted under color of state law or that some of the Defendants' actions deprived Plaintiff of any federal right.

VI. State Contract or Tort Claim

Plaintiff also appears to allege that an agreement between d Defendant Stoddard and him concerning legal representation was made and was breached by Defendant Stoddard, who failed to perform by failing to provide legal services for which Plaintiff had contracted. It is also possible that Plaintiff is seeking recovery in tort for allegedly substandard legal practice on the part of Defendant Stoddard.

It is Plaintiff's burden to allege a short and plain statement of the grounds upon which the Court's jurisdiction depends unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Local Rule 8-204 provides:

6

>   When an affirmative allegation of jurisdiction is
>   required pursuant to Fed. R. Civ. P. 8(a)(1), it
>   (i) shall appear as the first allegation of any
>   complaint, petition, counterclaim, cross-claim or
>   third party claim; (ii) shall be styled "Jurisdiction,"
>   (iii) shall state the claimed statutory or other
>   basis of federal jurisdiction, and (iv) shall state
>   the facts supporting such jurisdictional claim.

Here, Plaintiff fails to state any basis for subject matter jurisdiction in this Court. Plaintiff does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331.

Further, Plaintiff, who is presently in custody at Avenal State Prison in California, does not include any allegations regarding the citizenship of Defendant or of Plaintiff; however, even if jurisdiction were possible based on the citizenship of the parties, Plaintiff appears to be involved in a civil controversy over property that involves much less than the jurisdictional minimum of monetary amount for this Court pursuant to 28 U.S.C. § 1332, which requires for jurisdiction not only diversity of citizenship, but also an amount in controversy greater than $75,000.00.

Accordingly, Plaintiff has failed to state a basis for jurisdiction in this Court.

VII. <u>Amendment of the Complaint</u>

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent

7

with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

VIII. Clerk to Update the Docket

The Court notes that although Plaintiff's complaint reflected that Plaintiff was housed at Wasco State Prison, his recently filed application to proceed in forma pauperis reflects an address at Avenal State Prison.

Plaintiff IS INFORMED that pursuant to Local Rule 83-183(b),

8

it is Plaintiff's obligation to keep the parties and the Court apprised of his current address; further, if mail directed to Plaintiff is returned, then if Plaintiff thereafter fails to notify the Court and opposing parties of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Normally, the Court will not change an address for the Plaintiff; Plaintiff must submit information to the Court concerning his change of address. However, in this instance, the Court will direct that Plaintiff's address be updated.

Accordingly, it IS ORDERED that

1) The order to show cause that issued on January 4, 2008, IS DISCHARGED; and

2) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

3) The Director of the California Department of Corrections or his designee SHALL COLLECT payments from Plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and SHALL FORWARD those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments SHALL BE clearly identified by the name and number assigned to this action; and

4) The Clerk of the Court IS DIRECTED to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of

Corrections, via the Court's electronic case filing system (CM/ECF); and

5) The Clerk of the Court IS DIRECTED to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

6) Plaintiff's complaint IS DISMISSED with leave to file a first amended complaint; and

7) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; Plaintiff IS INFORMED that failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action; and

8) The Clerk IS DIRECTED to send to Plaintiff with this order a blank civil rights complaint form for a person in custody; and

9) The Clerk IS DIRECTED to update the docket to reflect Plaintiff's new address as stated on his recently filed application to proceed in forma pauperis, namely, CDC No. F-83542, Avenal State Prison, Post Office Box 9, Avenal, California 93204.

IT IS SO ORDERED.

**Dated:   February 15, 2008**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE