UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CARSON, | 1:07-cv-1551-LJO-SMS |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND (DOC. 11) |
| v. | |
| CHARLES K. STODDARD, ESQ., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's first amended complaint (FAC) filed on March 21, 2008.

I. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is

1

untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in

law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

A. <u>Plaintiff's First Amended Complaint</u>

Here, in the FAC filed on March 21, 2008, Plaintiff sues Charles K. Stoddard and Paladin Legal Defenders, whom Plaintiff alleges acted as his defense counsel and as such committed various violations of the California Business and Professions Code (performance falling below professional norms, unspecified breaches of the duty of full and unfettered allegiance,

3

abandoning Plaintiff during trial by failing to file motions and a writ petition, and unspecified violations of the attorney-client privilege). (FAC at 3.) Plaintiff seeks a declaration that counsel's acts violated the terms of Plaintiff's contract with Defendants as well as compensatory and punitive damages of over $75,000.00.

Inconsistently, Plaintiff states that as additional relief, the Court "will grant a Motion pursuant to Fed. R. Civ. 41(a)(1)(i). As soon as possible." (Id.) This appears to be a reference to an involuntary dismissal at Plaintiff's request, which is inconsistent with the filing of a first amended complaint. However, the document in which this reference is made is a complaint.

Accordingly, the Court will proceed on the assumption that Plaintiff does not seek an immediate voluntary dismissal, and the Court will proceed to screen the complaint.

### B. Civil Rights Claim

The complaint refers to 42 U.S.C. § 1983. It is thus likely that Plaintiff is attempting to state a claim under the Civil Rights Act, which provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or

4

immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Here, Plaintiff appears to allege that the Defendants are attorneys, a law firm, and/or staff members thereof. It further appears that Plaintiff contracted for the Defendant's services. Thus, it appears that the Defendants were acting privately. No facts are alleged that warrant a conclusion that Defendants were acting under color of state law. Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). However, "[a]ction taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983).

The Court notes that even if Defendant had been acting as Plaintiff's public defender, it is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

Accordingly, the complaint does not comply with Fed. R. Civ. P. 8 in that it does not state a civil rights claim. It does not allege that any defendant acted under color of state law or that some of the Defendants' actions deprived Plaintiff of any federal right.

### C. State Contract or Tort Claim

Plaintiff also appears to allege that an agreement between Defendant Stoddard and him concerning legal representation was

made and was breached by Defendant Stoddard, who failed to perform by failing to provide legal services for which Plaintiff had contracted. It is also possible that Plaintiff is seeking recovery in tort for allegedly substandard legal practice on the part of Defendant Stoddard.

It is Plaintiff's burden to allege a short and plain statement of the grounds upon which the Court's jurisdiction depends unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Local Rule 8-204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Here, Plaintiff fails to state any basis for subject matter jurisdiction in this Court. Plaintiff does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331.

Further, Plaintiff, who is presently in custody at Avenal State Prison in California, does not include any allegations regarding the citizenship of Defendant or of Plaintiff; it appears that the legal services in question and the proceedings to which it related occurred in California, and thus there is no basis for an inference of diversity of citizenship of the parties or any jurisdiction pursuant to 28 U.S.C. § 1332, which provides

6

for subject matter jurisdiction based on diversity of citizenship and an amount in controversy greater than $75,000.00.

Accordingly, Plaintiff has failed to state a basis for jurisdiction in this Court.

Plaintiff filed an original complaint asserting essentially the same facts and claim or claims. In its order dismissing Plaintiff's original complaint with leave to file an amended complaint, the Court informed Plaintiff of the defects in the pleading and of the law concerning his duty to state a basis for subject matter jurisdiction in this Court. Plaintiff has now filed an amended complaint, but Plaintiff has not cured the defects in the original complaint.

The Court finds that a further opportunity to amend would be futile because there is no basis for concluding that Plaintiff could state a basis for jurisdiction in this Court.

III. Recommendation

Therefore, it IS RECOMMENDED that Plaintiff's first amended complaint BE DISMISSED without leave to amend.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served

1 by mail) after service of the objections. The Court will then
2 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
3 (b)(1)(C). The parties are advised that failure to file
4 objections within the specified time may waive the right to
5 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
6 1153 (9th Cir. 1991).
7 IT IS SO ORDERED.
8 **Dated:   April 18, 2008**                    /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE